J-S39006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMARI TAYLOR | : | No. 226 EDA 2025 |

Appeal from the Order Entered December 20, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003946-2024

BEFORE: STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 5, 2026**

The Commonwealth appeals from the order entered in the Court of Common Pleas of Philadelphia County on December 20, 2024, granting Appellee's motion to suppress. The lower court agrees with the Commonwealth that the motion was erroneously granted. Accordingly, the Commonwealth is asking us to vacate the order and remand for further proceedings. We agree.[1]

The suppression court summarized the relevant factual and procedural background as follows.

On May 15, 2024 at or around 11:00 P.M., Appellee was walking northbound on the westside of the 3700 block of Frankford Avenue in the city and county of Philadelphia. Philadelphia Police Officer Pedro Martin and Philadelphia Police Officer Thrasher were driving southbound in a police vehicle and observed Appellee walking. After observing Appellee, the police officers reversed their vehicle

---

[1] We also note that Appellee did not file an appellate brief.

towards Appellee. Officer Martin rolled down his window, without activating his lights or sirens, and asked Appellee if he had a weapon on his person. [Appellee] shook his head affirmatively in response to Officer Martin's question. Officer Martin asked to see the weapon and [Appellee] approached the police vehicle. Once [Appellee] was a couple feet away from the window of the police vehicle, he lifted his hooded sweatshirt and exposed the front of his waistband to reveal a firearm. Officer Martin the asked [Appellee] if he had a permit to carry and [Appellee] answered "No." Officer Martin exited his vehicle and placed [Appellee] under arrest. [Appellee] was subsequently charged with possession of firearm with manufacturer number altered, firearms not to be carried without license and carrying firearms in public in Philadelphia.

On October 23, 2024, Appellee filed a motion to suppress physical evidence and requested a hearing on the motion. [At the hearing, c]ounsel for Appellee [argued] that the [officers] who made the arrest lacked reasonable suspicion or probable cause for the stop. Counsel for Appellee alleged that the firearm recovered from [Appellee] was the fruit of an illegal search and therefore should be suppressed[.]

. . . .

Following testimony, [the suppression court] then heard argument from both parties. [The suppression court] found that police officers did not find any criminal activity afoot and therefore did not have reasonable suspicion to initiate a stop of Appellee. Accordingly, [the suppression court] granted Appellee's motion to suppress physical evidence.

On January 10, 2025, [the Commonwealth] filed a timely interlocutory appeal to [the lower court]. [In its concise statement, the Commonwealth raised the following issue: "Did the trial court err by suppressing evidence based on the conclusion that police allegedly 'stopped' him without a lawful basis simply by approaching him on the street and asking whether he had a gun?]

Trial Court Opinion, 5/19/25, at 1-2 (citations and footnotes omitted).

Upon consideration of the Commonwealth's concise statement, the suppression court issued a Rule 1925(a) opinion acknowledging that "the decision to grant the motion to suppress was erroneous pursuant to **Commonwealth v. Coleman**, 19 A.3d 1111 (Pa. Super. 2011) and **Commonwealth v. Jones**, 266 A.3d 1090 (Pa. Super. 2021). As such, the trial court requests the Order be vacated and the case remanded for further proceedings. Trial Court Opinion, 5/19/25, at 2.

We review this challenge under the following standard of review:

We review trial court suppression orders to determine whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record. In reviewing an appeal by the Commonwealth of a suppression order, we may consider only the evidence from the defendant's witnesses along with the Commonwealth's evidence which remains uncontroverted. Our scope of review of suppression court factual findings is limited to the suppression hearing record. We, however, are not bound by a suppression court's conclusions of law; rather, when reviewing questions of law, our standard of review is de novo and our scope of review is plenary.

**Commonwealth v. Young**, 287 A.3d 907, 915-16 (Pa. Super. 2022) (citation omitted).

Here, there is no dispute as to the mechanics or the circumstances surrounding the encounter. The only question here is whether Appellee was seized when the police first engaged in a conversation with him. In light of the facts of the case, and the applicable law, we too agree that Appellee was not seized by the police during the initial stage of their interaction. ***See, e.g.,***

*Coleman*, 19 A.3d at 116 (holding that officer was engaged in a mere encounter when he approached the defendant and asked him if he had a gun); *Commonwealth v. Adams*, 205 A.3d 1195, 1199 (Pa. 2019) (an interaction passes from a mere encounter to a seizure only "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred."). Indeed, the record merely shows that the officer asked Appellee a question, and nothing in the circumstances surrounding that interaction amounted to a seizure of Appellee.  As such, the suppression court erred in granting Appellee's motion to suppress.

Order granting suppression reversed. Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2026